### No. 1779.—JEANNIE DOUGLAS *v.* ELLEN RAAD.

In a suit to recover possession of furniture, evidence is not admissible on the part of the defendant to show a payment on the furniture to a third party at the instance of the plaintiff, under the plea of *dation en payement;* nor is evidence admissible to prove that the owner is indebted to third parties for the furniture, where the title is not put at issue by the answer.

APPEAL from the Fourth District Court of New Orleans. *Théard, J. Collens & Wooldridge,* for plaintiff and appellee. *R. D. Blossman, Jr.,* for defendant and appellant.

TALIAFERRO, J. The plaintiff brings this suit to recover from defendant a lot of household furniture which she alleges the defendant is in possession of and illegally withholds from her. She also claims two hundred dollars from defendant for the use of the furniture.

The defendant, in her answer, pleads a *dation en payement,* averring that the furniture was given to her by plaintiff in discharge of a debt

which the plaintiff owed her. The defendant annexed to her answer a detailed account showing various items, amounting to $474 75.

The plaintiff had judgment decreeing the restoration of the furniture, and also for the sum of one hundred and twenty dollars and costs of suit. The defendant has appealed.

There are four bills of exception in the record. We consider it unnecessary to examine more than two of them. One of these was taken to the order of the court sustaining the objection made on part of the plaintiff to the introduction of testimony to show that defendant had paid a third party, at the instance of plaintiff, for a part of the furniture; and that, by consent of the plaintiff, the portion of the furniture so paid for should become the property of the defendant.

The objection was properly overruled. The defendant, by her answer, distinctly acknowledged title in the plaintiff, and only claimed under an express transfer of that title. The plaintiff's title to the furniture was not in issue. It was immaterial to the defendant from whom the plaintiff had acquired the property, or what she gave for it.

The defendant offered testimony to prove the correctness of the account annexed to her answer, and the indebtedness of plaintiff for the same. This was objected to by plaintiff, and the objection was sustained by the court, and we think correctly. It was irrelevant. The answer raised no question of title, alleged no privilege, and contained no demand for a money judgment, but simply a *dation en payement*.

We gather from the evidence that the plaintiff rented a room from the defendant and boarded with her a short time. That she left New Orleans for Galveston, and after remaining there about a month, returned to New Orleans. The plaintiff's furniture was in possession of the defendant when the plaintiff left for Galveston, and so remained until after her return, when this controversy arose.

The nature and character of that possession is the principal matter of inquiry in this case. In her answer the defendant avers ownership under the alleged *dation en payement*, but the evidence, we think, does not sustain this allegation. In fact, the plaintiff's own testimony is strongly against it. The statements of two witnesses, whose opportunities of knowing what passed between the parties were good, are to the effect that " Miss Douglas put her furniture with Mrs. Raab for what she owed her." One witness said that she heard plaintiff say she wanted Mrs. Raab to be satisfied and keep the furniture, and that Mrs. Raab replied she would be satisfied, but would rather have the money. Mrs. Raab herself several times stated in her testimony that the furniture was placed in her possession until the plaintiff's bill was paid; that she told plaintiff she should have her furniture back when she paid the debt. Afterwards, when called to the stand a second time, she swore directly to the *dation en payement*, in direct contradiction of her previous statements. Three other witnesses testified to the de-

fendant's declaration that Miss Douglas owed her, and that she would give up the furniture when she was paid.

The plaintiff's own evidence, entirely ignoring the alleged *dation en payement,* is sustained by that of five witnesses, and this array of proof determines the case in favor of the plaintiff.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, with costs in both courts.

Chief Justice Ludeling and Justice Howell absent.